## In re SHUMAN.

(Circuit Court of Appeals, Sixth Circuit. November 8, 1921.)

No. 3542.

1. **Bankruptcy 442—Findings of referee not reviewable on record in appellate court.**

   The question of the sufficiency of the evidence to support findings of a referee is not open for consideration by the appellate court, where it does not appear to have been raised in the District Court, and the record contains no findings by the District Judge, as required by the rules of the appellate court.

2. **Bankruptcy 399 (3)—Bankrupt, who has concealed property of greater value, not entitled to exemption.**

   A bankrupt is not entitled to exemptions under the law of Michigan, where it is found that he has fraudulently concealed from his creditors property of greater value.

Petition to Revise Order of the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

In the matter of Edward Shuman, bankrupt. On petition by bankrupt to revise order of District Court. Affirmed.

Rowland W. Fixel, of Detroit, Mich. (Fixel & Fixel, of Detroit, Mich., on the brief), for petitioner.

Irwin I. Cohn, of Detroit, Mich. (George E. Brand, of Detroit, Mich., on the brief), for respondent.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. The bankrupt was engaged in operating a retail clothing store. Claiming that he had suffered the loss of a large share of his stock by burglary, he filed a voluntary petition in bankruptcy. Later he filed a petition for an assignment to him of that amount of his merchandise, or its proceeds, which would be exempt under the Michigan statute. A creditor opposed, and upon proofs taken the referee evidently did not believe the burglary story, but found that the bankrupt was concealing property of value greater than the amount exempted; accordingly, the referee denied the bankrupt's exemption petition. This was affirmed by the District Judge, upon petition to review, and the bankrupt now brings the matter here upon petition to revise.

[1] The bankrupt's first contention is that there was no evidence to support the referee's finding. We conclude that this contention is not now open. The record does not show that this objection was made, before the District Judge, in the petition to review the referee—such petition not being found in the present record—nor is it specified as one of the grounds of complaint in the petition to revise, filed in this court. Further, the record contains no finding of facts by the district judge, as required by our rule 34(2); nor does the record which is printed and presented persuade us that any injustice results from our stated conclusion.

---

For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[2] The bankrupt next contends that he is entitled to his exemptions as matter of law in spite of the referee's finding of fact. For this claim, we find no authority in principle or decision. Upon the subject of exemptions, the Bankruptcy Law (Comp. St. §§ 9585-9656) ascertains and applies the state rule, and there are states in which the statute of exemptions is so explicit that an award might be required, even under these circumstances, though no such decision is pointed out, and we find none; but there is no such extreme statute in Michigan. The rule of decision which protects the bankrupt (and his transferee) in the right to hold his exemption, out of property which he has fraudulently conveyed, and as against creditors who are setting aside the conveyance, and are thereby about to reach the exempt property, manifestly has no application to a case like the present. Under the facts here found, the bankrupt had selected and taken his own exemptions, and had them or their proceeds in his possession when he filed this petition. There is a clear estoppel; to grant his petition would be to give the exemptions twice. See Cowan v. Buschfield (D. C.) 180 Fed. 614, 618.

The order of the District Court, approving the order of the referee, is affirmed.